UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUAN D. WADE,

    Plaintiff,

v.                                                                  Case No. 24-11395
                                                                  Hon. Jonathan J.C. Grey

BRIGHTON HEALTH CENTER
EMERGENCY et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AND DISMISSING COMPLAINT

    Pro se plaintiff Quan D. Wade filed this case and an application to proceed without prepaying costs and fees on May 24, 2024. (ECF Nos. 1, 2.) Before the Court granted his application, he filed an amended complaint. (ECF No. 5.) In his amended complaint, Wade brings claims against Brighton Health Center Emergency; Concentra; Great West Casualty Company; the State of Michigan; Rami Kaakaji, MD; Stephanie Falbo, MD; Richard A. Bowerman, MD; Albert Belfie, DO; Mark Olson, MD; David Prieskorn, MD; Karen Alkalay Isler, MD; David Molnar, PT;

E. Lorraine Largent, RN; Melissa Maul, MPT; Jessica Richter; and Steve D. Schultz.

Wade alleges that the defendants were part of a racketeering conspiracy ("RICO") that harmed him under 18 U.S.C. § 1964(c). He further alleges that the defendants violated his constitutional rights, breached a contract, defrauded him, and committed medical malpractice, as well as a variety of other state law tort claims.

For the following reasons, the Court **GRANTS** Wade's application to proceed without prepaying fees and costs and **DISMISSES** the complaint under 28 U.S.C. § 1915(e)(2) and for lack of jurisdiction.

### I. Factual Background

In his complaint, Wade alleges the following. Dr. Prieskorn performed a second surgery on Wade's shoulder. Dr. Prieskorn informed Wade that the surgery was unsuccessful. Wade told case workers Largent and Richter that he had an accident and injured his head, neck, and shoulder. Wade says he was forced (he does not state by who) to do physical therapy, where he "broke because of [his] injuries." Wade states that he repeatedly told the case managers about his injuries and dizziness that he suffered, but they told him they would not do anything

about his situation. He also claims he told his workers compensation attorney Steve D. Schultz and one of his doctors (he does not specify which one) about those conditions. Wade reached out to legal services to help him with the disputes he had with the defendants, but no one agreed to take his case.

Wade concludes that through these actions, defendants "stopped all [his] pay" and "took away [his] Blue Cross Blue Shield insurance and workers comp check." Further, he states that he was "left with nerve damage" and "cant [sic] use [his] right arm propley [sic]." However, he never states how he sustained nerve damage or if the defendants caused it.

## II. Legal Standards

Under 28 U.S.C. § 1915, the Court may allow a person to proceed without prepayment of fees or costs, i.e., in forma pauperis. However, the Court is required to review each case for summary dismissal if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

3

Further, the Court can only hear cases if it has subject-matter jurisdiction over the claims. The Court can dismiss a complaint at any time on its own if it finds that it lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Generally, the Court can only hear cases dealing with federal questions, 28 U.S.C. § 1331, or that meet the requirements for diversity jurisdiction, § 1332. Further, the Court can choose to exercise supplemental jurisdiction over any state law claims that are related to the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367.

Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim that shows the plaintiff is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff has a duty to provide fair notice of what the claim is and what the grounds for the claim are. *Id.* That is, the plaintiff must state enough factual matter, which the Court accepts as true, to plausibly suggest the defendant is liable for their actions. *Id.* The plaintiff must provide more than labels, conclusions, or bald legal assertions. *Id.*

4

## III. Analysis

The Court finds that Wade is unable to pay the filing fee (*see* ECF No. 2) and **GRANTS** his application to proceed in forma pauperis under 28 U.S.C. § 1915. However, the Court also finds that Wade's complaint fails to state a claim upon which relief can be granted for his federal claims. For his state claims, he fails to adequately plead diversity jurisdiction and the Court declines to exercise supplemental jurisdiction over them. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (holding that a district court can decline to exercise supplemental jurisdiction if all the other claims over which it possessed original jurisdiction are dismissed).

There are many issues with Wade's complaint that require dismissal. The federal question claims that Wade alleges are civil racketeering and conspiracy under 18 U.S.C. § 1964(c) and violations of his constitutional rights. However, he never states which of his constitutional rights the defendants violated or states facts that plausibly allege a violation of them. It is unclear from his complaint what defendants did to take away his insurance or workers compensation payments. He never states how he sustained nerve damage. Even

5

assuming that the defendants directly took his insurance and payments or directly injured his right arm, Wade does not state which of his constitutional rights they violated. He also does not allege that he is constitutionally entitled to insurance or workers compensation or whether the defendants were constitutionally prohibited from injuring his arm. Without more, the Court is left to try and infer what federal legal claim exists and whether Wade is entitled to relief based on the allegations. That is not enough to meet the pleading requirements. *Twombly*, 550 U.S. at 555. Wade's federal law claims are therefore **DISMISSED WITHOUT PREJUDICE.**

While Wade's state tort claims for medical malpractice have more support, they still face a fatal issue. The Court does not automatically have jurisdiction over state law claims. Generally, in order to maintain a suit in federal court for state law claims under diversity jurisdiction, the plaintiff must allege that there is complete diversity of citizenship between the plaintiff and the defendants. 28 U.S.C. § 1332. Here, based on the allegations in the complaint, there is no diversity of citizenship as all defendants are either citizens of Michigan or of unknown citizenship.[1]

---

[1] The one exception is the state of Michigan, which is a sovereign.

Given that the Court dismissed the only claims over which it has original jurisdiction (the federal claims), it declines to exercise supplemental jurisdiction. *See Carlsbad*, 556 U.S. at 639. All of Wade's state law claims are **DISMISSED WITHOUT PREJUDICE.**

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Wade's application to proceed without prepaying and **DISMISSES WITHOUT PREJUDICE** this action against the defendants.

SO ORDERED.

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated: September 6, 2024

7

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2024.

                              s/ S. Osorio
                              Sandra Osorio
                              Case Manager